UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIRK BECKER,
        *Plaintiff*,

v.

MARCIA FUDGE,
*Secretary of Housing and Urban Development*, *et al.*,

        *Defendants.*

Civil Action No. 22-3670 (RDM)

## MEMORANDUM OPINION

In this case, Plaintiff Kirk Becker, proceeding *pro se*, challenges the lawfulness of a rule promulgated nearly eight years ago by the Department of Health and Human Services ("HUD") prohibiting smoking in public housing units ("the Smoke-Free Rule" or "the Rule"). *See* Dkt. 1 at 2 (Compl. ¶ 1); 81 Fed. Reg. 87,430 (Dec. 5, 2016). In particular, Becker alleges that the Smoke-Free Rule runs afoul of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, in multiple respects. Now before the Court is HUD's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim, Dkt. 6.

For the reasons explained below, the Court concludes that Becker lacks standing to challenge the Rule. The Court will, accordingly, **GRANT** HUD's motion to dismiss, Dkt. 6, and will **DISMISS** the case for lack of subject-matter jurisdiction.

### I. BACKGROUND

Congress enacted the United States Housing Act of 1937 to alleviate "the acute shortage of decent and safe dwellings for low-income families" and to remedy "unsafe housing conditions[.]" 42 U.S.C. § 1437(a)(1)(A). The Act provides federal funding to locally operated

public housing agencies ("PHAs") that manage housing under habitability and safety standards promulgated by HUD through notice and comment rulemaking.  *Id.* § 1437d(f)(2); § 1437a(b)(6)(A); *see N.Y.C. Clash, Inc. v. Fudge*, 47 F.4th 757, 760 (D.C. Cir. 2022) ("*Clash III*").  In 1974, Congress amended the 1937 Act by creating the Section 8 housing program, which funds housing vouchers that can be used towards rent payments at participating private landlords.  *See id.* § 1437f(a); *id.* § 1437f(o); *Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 12 (1993).  Like the public housing program, Section 8 is also administered by local PHAs that possess certain administrative authority over participating landlords.

Beginning in 2009, HUD issued guidance documents that encouraged PHAs to ban smoking in public housing units subject to their authority, but the Department did not require them to do so.  *See, e.g.*, Smoke-Free Policies in Public Housing, PIH Notice No. 2012-25 (May 29, 2012).[1]  In 2015, the PHA for Austin, Texas—known as the Housing Authority of the City of Austin ("HACA")—banned smoking in Austin's "residential public housing properties."  *See* Housing Auth. of the City of Austin, *Public Housing Admissions and Continued Occupancy Policy*, Smoke-Free Housing Policy, Ch 13, at 218 (2016).[2]

Later that year, HUD announced its own policy, the Smoke-Free Rule, which is at issue here and which requires PHAs to prohibit the use of lit tobacco products indoors in public housing.  *See* Instituting Smoke-Free Public Housing, 80 Fed. Reg. 71,762 (proposed Nov. 17, 2015).  The final rule was promulgated in December 2016 and became effective in February 2017.  81 Fed. Reg. 87,430 (Dec. 5, 2016) (codified at 24 C.F.R. pts. 965, 966).  In the final rule,

---

[1] Available at https://www.hud.gov/sites/documents/12-25PIHN.pdf (last visited Mar. 21, 2024).  This document was a "reissuance" of prior PIH Notice 2009-21, which was issued in 2009.  *Id.*

[2] Available at https://www.hacanet.org/wp-content/uploads/2016/07/ACOP-12-15-16.pdf (last visited Mar. 21, 2024).

HUD expressly excluded Section 8 housing from the new requirement. 24 C.F.R. § 965.651 ("This subpart applies to public housing units . . . *other than assistance under section 8* of the 1937 Act." (emphasis added)).

In 2020, a smoker-activist group sued HUD, seeking vacatur of the Smoke-Free Rule based on a number of asserted statutory and constitutional defects. *See NYC C.L.A.S.H. v. Carson*, 442 F. Supp. 3d 200 (D.D.C. 2020) ("*C.L.A.S.H. I*"). Becker moved to intervene in that case, and the Court (Huvelle, J.) denied Becker's motion on the ground that he lacked Article III standing. *See NYC C.L.A.S.H. v. Carson*, 2019 WL 2357534, at * 3 (D.D.C. June 4, 2019) ("*C.L.A.S.H. II*"). In particular, the Court explained that because the HACA ban was in place before the Smoke-Free Rule took effect, Becker's alleged injury was caused by the HACA ban—and not the Smoke-Free Rule—and, thus, even if the Smoke-Free Rule were set aside, Becker's alleged injury "would likely remain." *Id.* at *2. As a result, Becker had failed to clear the jurisdictional hurdles of causation and redressability. *Id.* Subsequently, the Court granted HUD's motion for summary judgment and upheld the Smoke-Free Rule against the plaintiffs' challenges. *C.L.A.S.H. I*, 442 F. Supp. 3d at 221–23. The D.C. Circuit affirmed, and the Supreme Court denied certiorari. *C.L.A.S.H. III*, 47 F.4th at 757, *cert. denied*, 143 S. Ct. 1045 (2023).

Several months after the D.C. Circuit's decision, Becker brought this case challenging the Rule under the APA. *Compare* Dkt. 1 (Compl.) (filed December 8, 2022), *with C.L.A.S.H. III*, 47 F.4th at 757 (decided August 26, 2022). HUD moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim, respectively. Because Becker is proceeding *pro se*, the Court issued a *Fox*/*Neal* order advising him of his obligation to respond. Dkt. 8. The Court explained that if he "file[d] an

3

opposition to a dispositive motion and addresse[d] only certain arguments raised by the defendant," the Court might "treat those arguments that the plaintiff failed to address as conceded."  *Id.* at 1–2 (quoting *Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017)).  Becker filed a brief in opposition, Dkt. 10, and HUD filed a reply, Dkt. 11.  The matter is ripe for decision.

## II. LEGAL STANDARD

Because the Court concludes that it lacks subject-matter jurisdiction under Rule 12(b)(1), it does not reach HUD's argument that Becker has failed to state a claim as required under Rule 12(b)(6).  With respect to subject-matter jurisdiction, HUD's primary argument is that Becker lives in Section 8 housing—and not public housing—and that, accordingly, he lacks standing to challenge the Smoke-Free Rule, which applies only to public housing.  Dkt. 6-1 at 16–17.

When a defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.  *See Erby v. United States*, 424 F. Supp. 180, 182 (D.D.C. 2006); *In re Swine Flu Immunization Prods. Liab. Litig.*, 880 F.2d 1439, 1442–43 (D.C. Cir. 1989); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 555, 561 (1992).  But unlike challenges to jurisdiction raised later in a proceeding, a Rule 12(b)(1) motion may take one of two forms.  First, it may raise a "facial" challenge to the Court's jurisdiction, which contests the legal sufficiency of the jurisdictional allegations contained in the complaint.  *See Erby*, 424 F. Supp. 2d at 182.  When framed in this manner, the Court must accept the allegations of the complaint as true and must construe "the complaint in the light most favorable to the non-moving party."  *Id.*; *see I.T. Consultants, Inc. v. Republic of Pakistan*, 351 F.3d at 1184, 1188 (D.C. Cir. 2003).  Alternatively, a Rule 12(b)(1) motion may assert a "factual" challenge to the Court's jurisdiction.

4

*Erby*, 424 F. Supp. 2d at 182–83.  When framed in this way, the Court "'may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant,' but 'must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.'"  *Id.* (quoting *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000)).  In this context, the factual allegations of the complaint are not entitled to a presumption of validity, and the Court is required to resolve factual disputes between the parties.  *Id.* at 183.  The Court may consider the complaint, any undisputed facts, and, to the extent the record permits, the contested facts.  *Id.* (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

Here, HUD's challenge to the Court's jurisdiction raises a factual challenge.  Considered in that light, the Court finds that Becker has failed to carry his burden of showing by a preponderance of the evidence that he has standing to challenge the Smoke-Free Rule, which does not apply to his residence.

### III. ANALYSIS

#### A.

As a preliminary matter, the Court must distinguish between two HUD programs. "Public housing" refers to "housing assisted under the 1937 Act, other than under Section 8."  24 C.F.R. § 5.100.  "Public housing" properties are owned by local PHAs and rent directly to tenants.  In contrast, Section 8 authorizes HUD to provide financial assistance to "aid[] low-income families in obtaining a decent place to live."  42 U.S.C. § 1437f(a).  HUD can disburse that financial assistance in a variety of ways, including by providing assistance to individual tenants or by making payments to the owners of the housing units at which they reside.  *See Sandpiper Residents Assoc. v. U.S. Dep't of Housing & Urban Dev.*, 2022 WL 1604717, at *1–2

(D.D.C. May 21, 2022).  Although Section 8 housing is still administered by local "public housing agencies," the units are not "public housing" because they are privately owned and subject to a separate set of requirements.  *See, e.g.*, 24 C.F.R. § 886.123.

The Smoke-Free Rule does not apply to Section 8 housing and, instead, applies only to "public housing units," which the Rule defines as "low-income housing, and all necessary appurtenances (e.g., community facilities, public housing offices, day care centers, and laundry rooms) thereto, assisted under the U.S. Housing Act of 1937 (the 1937 Act), *other than assistance under section 8* of the 1937 Act."  24 C.F.R § 965.651 (emphasis added).  As HUD points out, the agency considered and rejected comments that proposed extending the Rule to cover Section 8 housing.  *See* 81 Fed. Reg. at 87,438 (Dec. 5, 2016); Dkt. 11 at 7.  Thus, even if apartment complexes that accept Section 8 vouchers are, at times, referred to colloquially as "public housing," the Section 8 program is distinct from the "public housing" program, as that phrase is used in the Smoke-Free Rule.

## B.

That brings the Court to the crux of the instant dispute.  The undisputed evidence shows that Becker resides in an apartment complex called Garden Terrace located at 1015 W. William Cannon Dr., Austin, Texas 78745.  In its motion, HUD points out that Garden Terrace's address appears on Becker's complaint and other court filings.  Dkt. 6-1 at 16.  Becker does not take issue with HUD's assertion that he lives at Garden Terrace and, indeed, he attaches to his opposition a copy of a letter from HACA confirming that he lives at Garden Terrace.  *Compare* Dkt. 1 at 1 (Compl.) (listing Becker's address as "1015 W. William Cannon Dr., Austin, TX 78745"), *with* Dkt. 10, Ex. A (referring to the same address as the location of Garden Terrace).

Accordingly, the Court finds, as a matter of uncontested fact, that Becker resides at the Garden Terrace apartment complex.

The Court is also persuaded that Garden Terrace is not a "public housing" facility, as that phrase is used in the Smoke-Free Rule but, rather, is a participant in the Section 8 housing program.  *See* Dkt. 6-1 at 16–17.  The evidence is, once again, uncontroverted.  To start, David Pohler, the Director of the San Antonio Office of Public Housing, who oversees public housing programs in central Texas, including Austin, has attested that the "Garden Terrace Apartments, located at 1015 William Cannon Dr., Austin, Texas 78745, has never been a part of HUD's Public Housing program."  Dkt. 6-4 at 1 (Pohler Decl. ¶ 2).  In a second declaration, Pohler provides the Court with a redacted copy of Becker's lease, which itself states that the "unit and lease are part of HUD's section 8 MOD rehab program . . . ."  Dkt. 11-4 at 6 (Ex. 4); *see* Dkt. 11-2 at 1 (Second Pohler Decl. ¶ 2).  Next, Lisa Garcia, the Vice President of Assisted Housing from the Austin PHA, attests that:

> Blane Kirk Becker has received rental assistance through the U.S. Department of Housing and Urban Development's (HUD) Section 8 Single Room Occupancy Program (SRO) at the Garden Terrace Apartments, located at 1015 William Cannon Dr., Austin, Texas 78745.  The Garden Terrace Apartments has never been a part of HUD's Public Housing program and is owned by Garden Terrace Housing Corp.

Dkt. 11-1 at 1 (Garcia Decl. ¶ 2).  Becker does not challenge the authenticity or contents of these declarations or the lease attached to the second Pohler declaration.

Despite the uncontested evidence to the contrary, Becker appears to believe that Garden Terrace is a public housing complex.  He alleges, for example, that he is a "tenant of public housing."  *See* Dkt. 1 at 2 (Compl. ¶ 3) (footnote omitted).  And, in opposing HUD's motion, he points to his correspondence with the "public housing agency" that administers his housing voucher and to information about HACA on HUD's website.  Dkt. 11 at 8–9.  But, as noted

7

above, the fact that Becker's housing is administered by a "public housing agency" does not mean that he resides in "public housing," as that phrase is used in the Smoke-Free Rule. PHAs are also responsible for administering Section 8, which provides vouchers for use with private landlords like Garden Terrace. *See West v. Jackson*, 538 F. Supp. 2d 12, 16 (D.D.C. 2008) ("While HUD oversees the distribution of funds appropriated by Congress, local public housing authorities . . . make [Section 8] eligibility determinations and disburse funds."). If anything, the exhibit which Becker attaches strongly suggests that Garden Terrace is in fact Section 8 housing as it references Becker's "Voucher No." *See* Dkt. 10-1 at 1 (Ex. A).

Based on the uncontroverted evidence, the Court finds that Becker resides in Section 8 housing, and not "public housing," and that the Smoke-Free Rule does not apply to his residence.

**C.**

With this factual background settled, the Court has no difficulty in concluding that Becker lacks standing to challenge the lawfulness of the Smoke-Free Rule. The "'irreducible constitutional minimum' of standing" requires that Becker demonstrate that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560). According to Becker, he is a smoker, Dkt. 1 at 2 n.1 (Compl. ¶ 3), who is banned from smoking in his apartment because of the Smoke-Free Rule. HUD responds that Becker lacks standing to challenge the Smoke-Free Rule because he "is not a public housing resident and the property where he resides is not subject to the Smoke Free Rule." Dkt. 6-1 at 16. HUD is both factually and legally correct.

Becker makes two arguments to the contrary, neither of which is persuasive. First, he argues that because the plaintiffs in the *C.L.A.S.H.* litigation had standing, he does as well. That

contention fails on multiple grounds, not least of which is the fact that Judge Huvelle denied Becker's motion to intervene in the *C.L.A.S.H.* case on the ground that he lacked standing to sue. *See C.L.A.S.H. II*, 2019 WL 2357534, at *4. Although she held that the plaintiffs in that case had standing to sue, she did so because they were, in fact, injured by the Smoke-Free Rule. *C.L.A.S.H. I*, 442 F. Supp. 3d at 213–14. Notably, the plaintiffs in that case—unlike Becker—lived in public housing.[3]

To be sure, in denying Becker's motion to intervene Judge Huvelle asserted that Becker lived "in HUD-funded, HACA-operated housing that is subject to the HUD Rule" and that he had "established injury-in-fact because the HUD Rule prohibits him from smoking in his own home." *C.L.A.S.H. II*, 2019 WL 2357534, at *2. Her conclusion that Becker lacked standing was not based on the fact that he resided in Section 8 housing but, rather, on the fact that HACA had adopted its own ban on smoking, which independently barred Becker from smoking in his apartment. *Id.* Although Becker had the same address of record now as he did then (Garden Terrace),[4] in the *C.L.A.S.H* case, HUD did not take issue with the premise that Becker "reside[d] in HUD-funded public housing." *See* Defendant's Opposition to Motion to Intervene, Dkt. 23 at 2, *C.L.A.S.H.*, 18-cv-1711 (Feb. 15, 2019); *see id.* at 4. Because that factual premise was undisputed, and because Becker lacked standing for other reasons, Judge Huvelle had no occasion to engage in any factfinding on that question. As a result, Judge Huvelle's description of the undisputed facts, which were immaterial to her decision, is entitled to no preclusive

---

[3] Becker also cites a second case from the Northern District of Indiana that found standing in a challenge to the Smoke-Free Rule. *See Good v. U.S. Dep't of Hous. & Urban Dev.*, 2019 WL 6839320 (N.D. Ind. Dec. 12, 2019). But the plaintiff there, like the plaintiffs in *C.L.A.S.H.*, was a "tenant in a HUD-funded public housing unit." *Id.* at *2.

[4] *Compare* Dkt. 1 at 1 (Compl.), *with* Motion to Intervene, Dkt. 15 at 1, *C.L.A.S.H.*, 18-cv-1711 (Jan. 9, 2019).

weight. *See*, *e.g.*, *Herrera v. Wyoming*, 139 S. Ct. 1686, 1697 (2019) (issue preclusion applies only if the issue of fact is "actually litigated and resolved in a valid court determination essential to the prior judgment" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001))). Moreover, even if issue preclusion did apply, it would require deference to Judge Huvelle's factual and legal conclusion that Becker actually *lacks* standing to challenge the Smoke-Free Rule.[5] In any event, because Becker challenges the Smoke-Free Rule, which imposes no requirements on his housing complex, whatever his injuries may be, they are not traceable to HUD's action—and they would not be redressed by a decision setting the Rule aside.

Second, Becker argues that HUD is, at least indirectly, responsible for the ban on smoking at Garden Terrace. In particular, he argues that *HACA*'s smoking ban was preceded by years of *HUD* advocacy in favor of smoke-free housing. Dkt. 10 at 6. As a result, he maintains, HUD is "far more culpable for application of the Rule upon Plaintiff than it acknowledges," thereby satisfying the causation prong of the standing test. *Id.* At the threshold, it is unclear to the Court whether HACA's ban applies to Section 8 housing, like Garden Terrace; on its face, it applies to "residential public housing properties." Housing Authority of the City of Austin, Public Housing Admissions and Continued Occupancy Policy, Smoke-Free Housing Policy, Ch. 13-I. But even if HACA's smoking ban did apply to Garden Terrace (as HUD itself seems to

---

[5] Applying this logic, HUD argues that Becker's standing arguments are barred by issue preclusion. *See* Dkt. 6-1 at 18–20. Although the doctrine of collateral estoppel applies to determinations of subject-matter jurisdiction, *Martin v. Dep't of Just.*, 488 F.3d 446, 454 (D.C. Cir. 2007); *Cutler v. Hayes*, 818 F.2d 879, 888 (D.C. Cir. 1987), Becker argues that, here, a judgment based on collateral estoppel would "work a basic unfairness to the party bound by the first determination" because he had "little incentive to litigate the Article III standing issue" in the prior case. Dkt. 10 at 15-16 (citing *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). For the reasons discussed herein, the Court need not resolve this question.

believe, *see, e.g.*, Dkt. 11 at 12–13), Becker would still lack standing.[6]  Although HUD may have encouraged PHAs—including HACA—to adopt smoke-free policies, it did not require them to do so.  *See* 81 Fed. Reg. at 87,432 (Dec. 5, 2016) (referring to prior PHA adoption of smoking bans as a "voluntary effort").  Indeed, HUD's decision to implement a mandatory policy was due in large part to PHA *failures* voluntarily to ban smoking; HUD's action would have been unnecessary had its prior advocacy constituted a "soft requirement" of some type.  *See id.* (finding that, because the voluntary effort resulted in a "scattered distribution" of smoking bans among PHAs, "additional action" was necessary).

When "causation and redressability . . . hinge on the response of the regulated (or regulable) third party to the government action or inaction," standing is "substantially more difficult to establish."  *Lujan*, 504 U.S. at 562 (internal quotation marks and citation omitted).  The plaintiff must allege "facts . . . sufficient to demonstrate a substantial likelihood that the third party directly injuring the plaintiff would cease doing so as a result of the relief the plaintiff s[eeks]."  *Renal Physicians Ass'n v. U.S. Dep't of Health & Hum. Servs.*, 489 F.3d 1267, 1275 (D.C. Cir. 2007).  Becker has alleged no facts and offered no evidence to support such a theory of causation, and his redressability argument rests entirely on the unsupported speculation that Garden Terrace (or HACA) would reconsider its own policy, if this Court were to strike down the Smoke-Free Rule.  Such conjecture cannot form the basis for Article III standing.  *See Teton Historic Aviation Found. v. U.S. Dep't of Def.*, 785 F.3d 719, 726 (D.C. Cir. 2015) ("[A] plaintiff

---

[6] Judge Huvelle's prior opinion shares HUD's understanding that the HACA ban applies to Garden Terrace.  *C.L.A.S.H. II*, 2019 WL 2357534, at *2 ("[B]ecause the local ban on smoking in private residences operated by HACA pre-dates the HUD Rule, any injury caused by such a ban was actually caused by the HACA policy, and not the HUD Rule.").

does not have standing to sue when redress for its injury depends entirely on the occurrence of some other, future event made no more likely by its victory in court.").

Becker, moreover, must demonstrate that it was the "challenged action of the defendant" that has led to his injury, *Lujan*, 504 U.S. at 560, and he challenges the Smoke-Free Rule—not the HUD guidance that predated it. *See* Dkt. 1 at 2 (Compl. ¶ 1) ("This action . . . seeks to modify . . . [the] rule "Instituting Smoke-Free Public Housing . . . ."). Thus, even if HACA's policy and/or the Garden Terrace smoking ban was the result of some sort of soft HUD requirement, it would be that requirement itself—not the Smoke-Free Rule—that caused his injury. Although HUD acknowledges that the Rule was an "outgrowth" of its prior guidance, 81 Fed. Reg. at 87,432 (Dec. 5, 2016), the Rule and the prior guidance documents are distinct, and Becker challenges only the Rule.

The Smoke-Free Rule had and has no cognizable effect on Becker. It specifically exempts Section 8 housing; its implementation has caused no injury to Becker; and its vacatur would not redress the injury the Becker asserts. Becker, accordingly, lacks standing to challenge the Smoke-Free Rule, and this Court lacks subject-matter jurisdiction to reach the merits of his challenge.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion to dismiss for lack of jurisdiction, Dkt. 6, and will dismiss the complaint without prejudice.

A separate order will issue.

    /s/ Randolph D. Moss
    RANDOLPH D. MOSS
    United States District Judge

Date: March 21, 2024